FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 MAR -9 PM 3: 57

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT A. PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-251 |
| | ) | |
| BRYAN COUNTY, BRYAN COUNTY | ) | |
| SHERIFF'S DEPARTMENT, BRYAN | ) | |
| COUNTY JAIL, CITY OF RICHMOND | ) | |
| HILL, RICHMOND HILL POLICE | ) | |
| DEPT., MICHAEL LARSON, JUDGE | ) | |
| THOMAS A. WATERS, JUDGE DALE | ) | |
| MITCHUM, BRYAN COUNTY JAIL | ) | |
| SECRETARY, BRYAN COUNTY JAIL | ) | |
| ADMINISTRATOR, CAPT. JACOBS, | ) | |
| OGEECHEE CIRCUIT PUBLIC | ) | |
| DEFENDER'S OFFICE, KATHLEEN | ) | |
| JENNINGS, BRYAN COUNTY | ) | |
| PUBLIC DEFENDER'S OFFICE, and | ) | |
| CITY OF PEMBROKE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 11, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed

plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff is an inmate at the Bryan County Jail. He alleges that Richmond Hill police "charged [him] for nothing without finding out the

facts." Doc. 1.  Plaintiff claims that all his warrants are "frivolous" and states that the jail administrator, his secretary, and public defender Kathleen Jennings will not acknowledge them as such.  <u>Id.</u>  Upon being placed in the jail, plaintiff alleges that employees of the Bryan County Sheriff's Department stole the money that he claims to have deposited into his inmate account.  <u>Id.</u>  Plaintiff also states that he overheard Captain Jacobs speaking to a private citizen about plaintiff's "personal bussiness [sic]."  <u>Id.</u>  Finally, plaintiff alleges that "they" are pushing him through the court system, as part of a conspiracy, negligence, prisoner racketeering, and illegal business.  <u>Id.</u>  Plaintiff seeks monetary damages for pain and suffering and mental stress.

Plaintiff is essentially asking the Court to evaluate the legality of his present confinement on pending state criminal charges.  <u>State v. Pickett</u>, 2006-SU-WT-15572 (filed 6/30/06) (firearms charges); <u>State v. Pickett</u>, 2006-SU-R-167 (filed 11/07/06) (burglary charges).[1]  The Supreme Court has made clear that a § 1983 damages claim that calls into question the lawfulness of a state criminal prosecution or conviction

---

[1] On October 13, 2006, two days after he filed his complaint, plaintiff was charged in this Court with possession of firearms by a convicted felon and possession of stolen firearms. <u>United States v. Pickett</u>, CR406-339 (pending).

3

simply "does not accrue until the conviction or sentence has been invalidated" through a direct appeal, habeas petition, or other form of collateral review. <u>Heck v. Humphrey</u>, 512 U.S. 477, 490 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. <u>Id.</u> at 484-86. Thus, the Supreme Court held

> that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 486-87. <u>Heck</u> did not explicitly address a § 1983 damages claim which implies the invalidity of a potential conviction on a *pending* criminal charge, but it is clear that <u>Heck</u> applies in this context. <u>Uboh v. Reno</u>, 141 F.3d 1000, 1006 (11th Cir. 1998); <u>Washington v. Summerville</u>,

127 F.3d 552, 555-56 (7th Cir. 1997); <u>Smith v. Holtz</u>, 87 F.3d 108, 112-13 (3d Cir. 1996).

According to the <u>Heck</u> Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." <u>Heck</u>, 512 U.S. at 487. Plaintiff's allegations that he has been arrested and charged on frivolous grounds would call into question the validity of both the state and related federal prosecutions and cannot be addressed in a suit for damages under § 1983 until he has been acquitted or had his conviction overturned on appeal or through some collateral proceeding.

Plaintiff's claims are also subject to dismissal for a number of additional reasons. Plaintiff names Bryan County, the City of Richmond Hill, and the City of Pembroke as defendants. While a city or county is a legal entity amenable to a § 1983 lawsuit, neither entity may be liable under § 1983 absent a showing that a custom, pattern, or practice of the city or county resulted in the deprivation of a plaintiff's constitutional rights. <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 691 (1978); <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368, 1370 (N.D. Ga.

county cannot be held vicariously liable for the actions of its officers or employees.   <u>Monell</u>, 436 U.S. at 691.   Here, plaintiff cites no custom, pattern, or practice of the municipalities or county in his complaint. Bryan County, the City of Richmond Hill, and the City of Pembroke should be dismissed from this suit.

The Supreme Court has held "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the State's adversary" and hence cannot be subjected to liability under § 1983. <u>Dodson</u>, 454 U.S. at 318-19 n. 7, 323 n. 13;  <u>Eling v. Jones</u>, 797 F.2d 697 (8th Cir. 1986); <u>Hall v. Quillen</u>, 631 F.2d 1154, 1156 (4th Cir. 1980); <u>Page v. Sharpe</u>, 487 F.2d 567, 570 (1st Cir. 1973).  Therefore, plaintiff has failed to state a § 1983

cause of action against his public defender, Kathleen Jennings, or either the Ogeechee Circuit or Bryan County's Public Defender's Offices.[2]

Nor can plaintiff recover under § 1983 for the alleged theft of his money by the sheriff. The United States Supreme Court has held that the unauthorized, intentional deprivation of property by a police officer does not constitute a violation of the due process clause, provided state law affords a meaningful post-deprivation remedy for the loss which the aggrieved prisoner may pursue. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); see also Parratt v. Taylor, 451 U.S. 527, 539 (1981) (negligent loss of property not actionable where adequate state remedy exists); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (Georgia "has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law."). Thus, neither a negligent nor an intentional deprivation of property by a police officer vests a § 1983 cause of action in an inmate so long as an adequate remedy exists under state law. Here, plaintiff has not alleged

---

[2]The "office" of the public defender, like a county "police department," is not a legal entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005). Furthermore, plaintiff makes no factual allegations against these entities and does not otherwise refer to the public defender's offices in the body of his complaint.

that he has pursued any state remedy or that the available state remedies are inadequate.[3]

Moreover, even if plaintiff has stated a valid § 1983 cause of action, the Bryan County Sheriff's Department, the Richmond Hill Police Department, and the Bryan County Jail are not entities subject to suit under § 1983. See Lovelace, 144 Fed. Appx. at 795 (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department not capable of being sued); Powell v. Cook County Jail, 814 F. Supp. 757 (N.D. Ill. 1993) (holding that county jail is not a recognized legal entity under state law and it is not a "person" subject to suit under § 1983); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996)).

---

[3]Georgia law clearly provides a post-deprivation remedy for the unlawful deprivation of property by a police official. O.C.G.A. § 51-10-1 (recognizing a cause of action in tort for the wrongful deprivation of personal property).

In addition, plaintiff does not make any factual allegation against the police department, sheriff's department, or jail in his complaint, suggesting that he is attempting to state a respondeat superior claim for the actions of the departments' employees, a claim not cognizable under § 1983. <u>Dodson</u>, 454 U.S. at 325; <u>Monell</u>, 436 U.S. at 691.

Defendants Judge Thomas Waters and Judge Dale Mitchum are also shielded from plaintiff's claims by virtue of judicial immunity. Judges enjoy absolute immunity from liability for their judicial acts.[4] Furthermore, plaintiff fails to assert any constitutional deprivation claim at all against either judge directly within the body of his complaint. Judge Waters and Judge Mitchum should be dismissed as defendants.

Plaintiff's complaint contains no allegations against defendant Michael Larson. Plaintiff does not provide any facts in his complaint that indicate who Mr. Larson is or how he violated plaintiff's

---

[4]"[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978). A judge will only be subject to liability only when he has acted in "clear absence of all jurisdiction." <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1872). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and 'it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).

constitutional rights.  In fact, defendant's name appears only in the caption of plaintiff's complaint.  On that basis alone, plaintiff's complaint against defendant Michael Larson should be dismissed.

Captain Jacobs should also be dismissed as a defendant.  In order to state a § 1983 claim, plaintiff must show that the conduct violated federal law or a constitutional right.  Plaintiff asserts only that he heard Captain Jacobs discussing plaintiff's personal business to a citizen.  It is unclear what constitutional right plaintiff is asserting has been deprived by Captain Jacobs.  As this Court understands the complaint, however, there is no deprivation of plaintiff's constitutional rights asserted.

Similarly, plaintiff accuses the jail administrator and the jail administrator's secretary of not acknowledging that the warrants for plaintiff are frivolous.  To the extent plaintiff is attempting to state an independent § 1983 claim for such conduct, he has failed to allege a deprivation of his constitutional rights.  Therefore, Captain Jacobs, the jail administrator, and the jail administrator's secretary should be dismissed from this suit.  See Neitzke v. Williams 490 U.S. 319, 328 (1989) (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist. . . .").

Accordingly, the Court recommends that plaintiff's complaint be DISMISSED for failure to state a claim.

**SO REPORTED AND RECOMMENDED** this _____ day of March, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT A. PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV406-251 |
| | ) | |
| BRYAN COUNTY, BRYAN COUNTY | ) | |
| SHERIFF'S DEPARTMENT, BRYAN | ) | |
| COUNTY JAIL, CITY OF RICHMOND | ) | |
| HILL, RICHMOND HILL POLICE | ) | |
| DEPT., MICHAEL LARSON, JUDGE | ) | |
| THOMAS A. WATERS, JUDGE DALE | ) | |
| MITCHUM, BRYAN COUNTY JAIL | ) | |
| SECRETARY, BRYAN COUNTY JAIL | ) | |
| ADMINISTRATOR, CAPT. JACOBS, | ) | |
| OGEECHEE CIRCUIT PUBLIC | ) | |
| DEFENDER'S OFFICE, KATHLEEN | ) | |
| JENNINGS, BRYAN COUNTY | ) | |
| PUBLIC DEFENDER'S OFFICE, and | ) | |
| CITY OF PEMBROKE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT A. PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  CV406-251 |
| | ) | |
| BRYAN COUNTY, BRYAN COUNTY | ) | |
| SHERIFF'S DEPARTMENT, BRYAN | ) | |
| COUNTY JAIL, CITY OF RICHMOND | ) | |
| HILL, RICHMOND HILL POLICE | ) | |
| DEPT., MICHAEL LARSON, JUDGE | ) | |
| THOMAS A. WATERS, JUDGE DALE | ) | |
| MITCHUM, BRYAN COUNTY JAIL | ) | |
| SECRETARY, BRYAN COUNTY JAIL | ) | |
| ADMINISTRATOR, CAPT. JACOBS, | ) | |
| OGEECHEE CIRCUIT PUBLIC | ) | |
| DEFENDER'S OFFICE, KATHLEEN | ) | |
| JENNINGS, BRYAN COUNTY | ) | |
| PUBLIC DEFENDER'S OFFICE, and | ) | |
| CITY OF PEMBROKE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
**B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**